**Lizzie Einwechter, Appellee, v. John Murray, Administrator, Appellant.**

**Gen. No. 5602.**

1. EVIDENCE—*what not material.* Evidence upon which only a speculative argument could be based is immaterial and should not be admitted.

2. APPEALS AND ERRORS—*when admission of erroneous evidence will not reverse.* The admission of erroneous evidence will not effect a reversal if no prejudice appears to have resulted.

Contested claim in court of probate. Appeal from the Circuit Court of Ogle county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1911. Affirmed upon remittitur. Opinion filed March 13, 1912.

FRANC BACON and J. C. SEYSTER, for appellant.

W. J. EMERSON, for appellee.

MR. JUSTICE MORTON W. THOMPSON delivered the opinion of the court.

Charles D. Murray died in Ogle county, Illinois, August 24, 1910, and John Murray was appointed administrator of his estate. Plaintiff filed her claim,

which we have been unable to find either in the record or abstract, and therefore we do not know when filed or what items it claimed for, except as we gather from the statements of counsel that it was for $800 which she claims she let the deceased have in the summer of 1908, to keep for her. The case was tried in the County Court, and $800 allowed. Defendant appealed to the Circuit Court, where the case was tried before a jury which resulted in a judgment for $800 and defendant appeals to this court and assigns errors.

Appellant offered to prove by Mary Murray, mother of the deceased, that claimant said to her that she would like to make her home with her, and that she would work there for her board, and that witness replied, "No, I have very little work to do, and I would feel better if I did it myself, than to have somebody else do it," and that then she went away and never claimed on that occasion that Charles had owed her anything. An objection to the offer was sustained by the court, and appellant insists that was error. Mrs. Murray testified at length as to conversations and what took place between claimant and herself during the several days claimant remained there after the funeral; how she had returned to claimant the shirt stud and cuff buttons, which she had given Charles; and that claimant never claimed to her that Charles or his estate ever owed her anything.

It is proper in a case of this kind, to prove any statement made by the claimant which is material to the issue, but just how the statement of this claimant to the mother of the deceased that she wanted to come and make her home with her and work for her board, was material, we fail to see. It might have been used as the basis for a speculative argument to the jury, but that alone would not render it admissible.

The administrator was examined, on behalf of the defendant, concerning his loaning deceased $500 on July 21, 1910, and as to his search for and failure to

find any receipt from claimant, or any papers pertaining to any matters between deceased and claimant; that he knew of no investments by deceased after that date; and was asked if he knew of any payments or expenditures he made after that date, and answered that he knew of none; and as to the amount of cash he left at the time of his death, etc. On cross-examination he was asked if he did not have a conversation with claimant at a certain place, in November, 1910, in which he admitted to claimant, in the presence of Mrs. John Brook, that he knew deceased had some of claimant's money, but that he thought he had repaid it, etc., all of which the witness denied.

Claimant and Mrs. Brook were both asked these questions on rebuttal, and defendant's objections to them were sustained; but appellant insists that the asking of these questions in the hearing of the jury, was prejudicial. These questions did not tend to contradict anything the witness had testified to on his direct examination, and therefore could not impeach him, and should not have been asked in the presence of the jury; but as he was permitted to and did answer denying all of them, which answers stand uncontradicted, we think that no harm was done defendant thereby.

The evidence was very conflicting, and we think sufficient to warrant the jury in finding either way. But the jury heard the witnesses; saw them while testifying, and no doubt observed their appearance, manner and conduct, and were in a much better position to judge of the weight and credibility of their testimony then we are.

Claimant examined a witness, Gearhart, who had testified in this case on the hearing in the County Court, and who defendant claims materially changed and added to his testimony on this trial. Appellant cross-examined this witness, and asked him about certain questions and answers made by him in the County Court hearing; and then placed the stenographer on

the stand, who took his testimony in the County Court, and showed his answers to those questions and then offered in evidence a transcript of all his testimony on said hearing in the County Court, to the admission of which an objection was sustained. Appellant now insists that that was error; but we have been cited to no authority and are aware of none that would justify such a contention.

On the motion for a new trial, defendant introduced affidavits and four express orders for $50 each, purchased by deceased, and payable to the order of claimant, and shown to have been paid to her after the time it is claimed that she let him have the $800. We think that the trial court erred in not either granting a new trial, or requiring a *remittitur* of $200 from the amount of the verdict upon the showing made; and if appellee will within seven days file her *remittitur* in this court for $200 of said judgment, it will be affirmed in the sum of $600 at her costs. If not, the judgment of the trial court will be reversed for said error, and the cause remanded for another trial.

*Affirmed upon remittitur.*

Appellee having afterwards filed a *remittitur* herein in the sum of $200 the judgment is therefore affirmed in the sum of $600 at the costs of appellee.